Workmen's Relief Commission, Petitioner, *v.* District Court of Aguadilla, Respondent.

Petition for a Writ of Certiorari to the District Court of Aguadilla.

No. 390.—Decided January 19, 1923.

Workmen's Relief Commission — Reconsideration — Appeal — Time Within Which to Appeal.—A decision of the Workmen's Relief Commission rendered on reconsideration of a decision of its president or permanent commissioner in a case of temporary incapacity is appealable by the workman to the district court, and the time within which to appeal begins to run only upon notice to the workman of the decision rendered on reconsideration.

Id.—Id.—Id.—Premature Appeal—Void Judgment.—In this case the injured workman moved the Workmen's Relief Commission to reconsider the decision of its president and without waiting for the decision of the commission filed an appeal in the district court from the president's decision within the time allowed by law for appeals from decisions of the commission, and the court rendered judgment on the merits. *Held:* That the appeal was premature and the judgment void.

The facts are stated in the opinion.

*Mr. L. Samalea* for the petitioner.

*Mr. B. Esteves* for the plaintiff.

Mr. Chief Justice Del Toro delivered the opinion of the court.

José Rodríguez was accidently injured while working as laborer in the construction of a building. Notice of this fact was given to the Workmen's Relief Commission. The medical expert of the commission made his report classifying the case as one of temporary disability and the president of

the commission ordered that the injured laborer be paid $54 for 108 days during which he was unable to work, together with other sums for medical attendance, traveling expenses and board. The order of the president is dated March 27, 1922.

Not satisfied with this, the workman petitioned the commission for reconsideration of the order of its president and without waiting for the commission's decision, filed an appeal in the District Court of Aguadilla, in whose jurisdiction the accident had occurred, within the time allowed by law for appealing from decisions of the commission. The commission was summoned, but failed to appear. After an *ex parte* trial the court held that the case was one of permanent partial disability and ordered that the commission pay to the workman the sum of $2,000.

The judgment of the district court is dated July 12, 1922. On July 26th the commission moved the court to set aside its judgment, to open the default and to allow it to plead and answer. The workman objected and the court overruled the motion. The commission appealed to this court and the appeal was dismissed on the ground that it was not authorized by law. Thereupon the commission filed this petition for a writ of certiorari. The writ was issued and the case was heard on the 10th of December.

The question is whether the district court had jurisdiction to render the judgment of July 12, 1922. Let us see.

Subdivisions 1 and 3 of section 6 of the law governing the matter, as amended by Act No. 61 of 1921, Acts of 1921, pp. 472, 480, read as follows:

"Section 6. That a commission to be known as the Workman's Relief Commission is hereby created which shall consist of five members and shall be constituted as follows: The Governor of Porto Rico, with the approval of the Senate, shall appoint a president, who shall be the chief administrative officer of the commission. Three members shall be elected at the general election in November, one

to be designated by each of the three political parties obtaining the greatest number of votes in the preceding election; *Provided,* That the foregoing provision shall in no way affect the members of the commission elected at the election of November 2, 1920. The fifth member shall be permanent and shall receive a salary of two thousand six hundred (2,600) dollars a year, his appointment to be made by the Governor with the advice and consent of the Senate. The commission shall elect one of its members as vice-president, who shall preside at the meetings in cases of justified absence of the president.

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

"The president and the permanent member shall have power to decide all cases of temporary disability, and shall report to the commission, at its first meeting, such decisions as may have been rendered by each one of them. Said decisions may be reconsidered by the commission on its own initiative or on application of the injured laborer or employer interested in such decided cases, provided such application for reconsideration is made within the ten days following the service of notice of such decision on the interested party."

Subdivision 1 of Section 9 of the same Act of 1921, p. 486, reads as follows:

"Section 9.—Appeals from the decisions of the Workmen's Relief Commission to the district court of the district where the accident occurred shall be allowed to the claimant in all cases where he deems himself aggrieved by the decision of the commission."

The question at issue must be decided in the light of the statutes cited.

Neither the president nor the permanent commissioner is the commission. The law prescribes that the president and the permanent commissioner may decide cases of *temporary disability.* Cases of *death,* of *total disability* or of *permanent partial disability* must be decided by the commission as a whole. When the president or the permanent commissioner acts individually their decisions may be reconsidered by the commission on its own initiative or on application of the injured workman or employer. Appeals may be taken to the

district courts only from the decisions of the commission and not from the decisions of the president or the permanent commissioner.

The injured workman, who took part by brief and orally in the certiorari proceedings, contends that if he had merely moved the commission to reconsider the decision of its president and the commission had taken no action, as was the case, within the time allowed for taking an appeal, he would have lost his right of appeal. By no means. The time within which to appeal would not begin to run until the workman had received notice of the commission's ruling on his motion to reconsider the president's decision.

The injured workman also contends that a ruling on a motion for reconsideration is not appealable. The jurisprudence cited by him is not applicable. The motion for the so-called reconsideration was not made to the same body or court which rendered the final decision or judgment in this case, which instead of a reconsideration should have been called an appeal. The commission as a whole participates in the case for the first time and its decision will be its only action in the matter. In case the decision of the president is affirmed, then it becomes a decision of the commission from which an appeal may be taken to the proper district court.

This being so, it is clear that the action of the District Court of Aguadilla was premature in this case while it was still under the jurisdiction of the Workmen's Relief Commission. Its action, therefore, was null and void.

*Judgment set aside.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.